# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIEL ANGEL ARREOLA,

    Plaintiff,

vs.                                                                  No. CV 17-00407 JCH/GBW

R.C. SMITH AS GEO CORPORATION,
J.W. BEAIRD, RUSSLE, GOMEZ,
SUSANA MARTINEZ AS NMDOC,
UNKNOWN OFFICERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the Complaint for Violation of Civil Rights filed by Plaintiff Daniel Angel Arreola on April 3, 2017. (Doc. 1). The Court dismisses the Complaint for failure to state a claim on which relief can be granted, but will permit Arreola the opportunity to file an amended complaint.

Plaintiff Arreola is incarcerated at Northeast New Mexico Detention Facility. (Doc. 2 at 1). He is proceeding pro se and *in forma pauperis.* Arreola filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on April 3, 2017. Although currently incarcerated at Northeast New Mexico Detention Facility, his claims appear to relate to an unidentified prison facility in Hobbs. (Doc. 1 at 1-3).[1] Arreola names six Defendants and alleges:

> "Defendant R.C. Smith is a citizen of Hobbs New Mexico, and is employed as Warden. . . R.C. Smith as warden is to oversee all well being of inmates in his custody from NMDOC, even after being notified of mistreatment he failed to fix it, which in turn led to further abuse by prison officials."

> "Defendant J.W. Beaird is a citizen of Hobbs New Mexico, and is employed as warden of security. . .As security warden he oversees placement of inmates

---

[1] Although Plaintiff Arreola does not identify the facility in his Complaint, he is likely referring to the Lea County Correctional Facility in Hobbs, New Mexico.

as well as to mail. He knowingly altered and with-held mail sent to
facility, as well as failed to protect me from cruel and unusual punishment
while in custody . . .

Defendant Russle is a citizen of Hobbs New Mexico, and is employed as
corrections officer . . .As officer its his duty to protect inmates from all forms
of abuse. He instead took advantage of his position of power and brought
forth forms of both mental and sexual abuse himself. . .

Defendant Gomez is a citizen of Hobbs New Mexico, and is employed as
grievance officer . . .As grievance officer its her duty to have and or
maintain all informal complaints and grievances filed at facility. Some
of the complaints I have filed have yet been returned and some held up to
a month before received back. I've requested copies of past complaints to
her facility on several occasions with no response from her at all. . .

Defendant Susana Martinez is a citizen of Santa Fe, New Mexico, and is
employed as Governor of State. . . As Governor of State and head of prison
operations in New Mexico, its her duty to put in place training for employees
and policies to insure the well being and safety of inmates in NMDOC custody
is a priority. Lack of employee training led to abuse by prison officials. There
for duties failed by our head of state and all under her as well failed given duties. . .

Defendant Unknown Officers are citizen of Hobbs, New Mexico, and are employed
as STIU officers. . . as officers they are to protect from all forms of abuse. They
failed such when they themselves made sexual comments towards me and
brought forth the abuse. They failed their given duties as officers."

(Doc. 1 at 1-3).

### 1. *Standards for Failure to State a Claim*

Plaintiff Arreola is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for

failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## *2. Arreola's Complaint Fails to State a Claim for Relief*

Plaintiff Arreola seeks relief under 42 U.S.C. § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that

is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Court concludes that Plaintiff's Complaint fails to state a claim for relief under § 1983.

**Count I:** In Count I, Plaintiff Arreola asserts "personal abuse, corporal or unusual punishment, mental abuse, right to mail, harrasment (sic)." (Doc. 1 at 4). As factual support, he alleges that Defendant Beiard began holding mail for weeks, sometimes the mail would come torn or not at all, and there was no signing of certified mail. (Doc. 1 at 4). Arreola does not clearly identify any constitutional right that he claims was violated, nor does he specify how any of the alleged conduct by Defendant Beiard was in violation of a constitutional right. Count I of Arreola's Complaint fails to state a § 1983 claim for relief against Defendant Beiard. *Ashcroft v. Iqbal,* 556 U.S. at 676.

**Count II:** Count II of the Complaint asserts claims for "personal abuse, mental abuse, sexual misconduct, humilliation and harrasment (sic)." (Doc. 1 at 4). As the factual basis of Count II, Arreola alleges that he made on informal complaint against Defendant Russle for making threats of "checking me," "putting me in my place," and of Arreola "getting f___ed." The informal complaint was considered resolved by Defendants Smith and Beaird, which led to another incident with Russle a week later, when Russle allegedly pulled down Arreola's pants and strip-searched Arreola. (Doc. 1 at 4).

Arreola's allegations do not state a constitutional claim against Defendant Beaird. The Tenth Circuit has held that there is no clearly established constitutional right to be free from all physical, sexual, or verbal harassment while incarcerated. *Adkins v. Rodriguez,* 59 F.3d 1034, 1037–38 (10th Cir.1995). The Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimus* abuse that does not rise to the level of threats of violence or severe physical intimidation. *Adkins,* 59 F.3d at 1037; *Boddie v. Schnieder,* 105 F.3d 857, 860–61 (2d Cir.1997). Arreola's allegations that Beaird made verbal threats, alone, do not show the type of severe conduct that rises to the level of a constitutional violation. *Boddie,* 105 F.3d at 860–61.

Nor do his allegations that Beaird pulled down his pants and conducted a strip search establish a violation of his rights cognizable under the Eighth Amendment. Not all strip searches are unconstitutional. *Foote v. Spiegel*, 118 F.3d 1416, 1425 (10th Cir. 1997). A policy or practice of strip searching, even without reasonable suspicion, may be constitutionally permissible. *Turner v. Safley,* 482 U.S. 78, 89 (1987). Arreola provides no factual support that the claimed strip search was constitutionally unreasonable and does not state a § 1983 claim against Defendant Beaird. *Foote v. Spiegel*, 118 F.3d at 1425.

The allegations similarly are not cognizable § 1983 claim against Defendants Smith or Russle. An inmate's dissatisfaction with the prison grievance process is not sufficient to state a viable constitutional claim. *Burnett v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017). The fact that Defendants Smith and Russle considered Arreola's informal complaint to be resolved is legally and factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570. Count II of the Complaint fails to state a claim for relief.

**Count III:** Count III of Arreola's Complaint is for "personal abuse, mental abuse, corporal punishment, with holding certified documents." (Doc. 1 at 5). Plaintiff Arreola claims that he made informal complaints about sexual comments by other officers, and that grievance officer Gomez has withheld some documents even after a request for copies. (Doc. 1 at 5). Arreola's allegations do not § 1983 state a claim against grievance officer Gomez or the unnamed officers.

There is no independent constitutional right to state administrative grievance procedures. *Boyd v. Werholtz*, 443 F. App'x. 331, 332 (10th Cir. 2011). As set out, above, a viable due process claim cannot rest on allegations of an unfair or inadequate grievance process. *See Von Hallcy v. Clements*, 519 F. App'x. 521, 524 (10th Cir. 2013) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 F. App'x. 743, 749-50 (10th Cir. 2011) (affirming dismissal of claim that prison grievance policy was constitutionally inadequate because there is no constitutional right to certain grievance procedures); *Ciempa v. Ward*, 150 F. App'x. 905, 906-07, 909 (10th Cir. 2005) (finding no error in judge's dismissal of due process claim based on alleged ineffective prison grievance procedure).

Nor does Arreola have a constitutional right to copies of grievance documents. *See Fogle v. Bonner*, 2009 WL 1765643, at *2 (D. Colo. 2009). Arreola's claims that Defendant Gomez has

7

not been responsive to his request for copies of documents, alone, fails to factually allege a constitutional claim. Similarly, his vague allegations that unidentified officers made sexual comments do not rise to the level of the kinds of threats of violence or severe physical intimidation that can be remedied under § 1983. *Adkins,* 59 F.3d at 1037; *Boddie v. Schnieder,* 105 F.3d at 860–61. Count III of the Complaint fails to state a constitutional claim for relief. *Twombly*, 550 U.S. at 570.

**Defendant Susana Martinez:** Last, Arreola names "Susana Martinez as NMDOC" as a Defendant. (Doc. 1 at 1). He claims that

> "[a]s Governor of State and head of prison operations in New Mexico, its her duty to put in place training for employees and policies. To insure the well being and safety of inmates in NMDOC custody is a priority. Lack of employee training led to abuse by prison officials, there for duties failed by our head of State and all under her as well. Failed given duties."

(Doc. 1 at 3). Although Arreola does not specify whether he is suing Governor Martinez in her official or individual capacity, based on the allegations of his Complaint, the Court construes the claims as official-capacity claims. *See, e.g., Poindexter v. Woodson*, 357 F. Supp. 443, 460 (D. Kan. 1973), *aff'd,* 510 F.2d 464 (10th Cir. 1975). As such, the claims against her are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 does not abrogate the states' sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989). Therefore, the official capacity claims against Susana Martinez will be dismissed. *Will,,* 491 U.S. at 63-64.

Plaintiff Arreola's Complaint does not allege personal involvement by an identified official in any alleged constitutional violation. Arreola's Complaint fails to specify any conduct on the part of any Defendant that resulted in violation of a constitutional right. The Complaint fails to

state a claim for relief against any individual Defendant. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Trask v. Franco*, 446 F.3d at 1046.

### *3. Arreola is Granted Leave to File an Amended Complaint*

The Complaint is factually insufficient and fails to state any claim for § 1983 relief. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint and will grant Arreola the opportunity to file an amended complaint specifying individuals, the individualized actions, and how Arreola claims those actions resulted in violation of constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings). The amended complaint must state the facts of each separate claim and why Plaintiff believes Plaintiff's constitutional rights were violated. Arreola should include names of individual defendants and their official positions, a description of their individual actions, and relevant dates, if available. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Arreola may not re-assert official-capacity claims against Governor Susana Martinez. *Will,* 491 U.S. at 63-64.

**IT IS ORDERED:**

(1) Complaint for Violation of Civil Rights filed by Plaintiff Daniel Angel Arreola on April 3, 2017 (Doc. 1) is **DISMISSED** for failure to state a claim on which relief can be granted; and

(2) Plaintiff Arreola is granted leave to file an amended complaint within thirty (30) days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE